779 So.2d 309 (1999)
Alfred Jerome PINDER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01045.
District Court of Appeal of Florida, Second District.
July 30, 1999.
Rehearing Denied September 9, 1999.
Alfred Jerome Pinder, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Alfred Jerome Pinder appeals the circuit court's order dismissing his petition for writ of habeas corpus. We affirm. In this pro se appeal, Pinder also presents an issue pertaining to the ineffective assistance of appellate counsel which we address on the merits as an original petition for review and which we deny.
In his petition filed with the circuit court, Pinder did not raise any issues pertaining to the ineffective assistance of appellate counsel as he has in the brief filed with this court. Pinder's petition was lodged against errors he claimed occurred during a 1977 trial which he asserted were fundamental in nature. From the record before this court, as well as the prior opinions involving Pinder's case, it appears that the issues he presented to the circuit court were all matters which were previously *310 raised, or should have been raised, on direct appeal; were possibly waived at trial; or which were previously raised, or should have been raised, under Florida Rule of Criminal Procedure 3.850. See Pinder v. State, 637 So.2d 247 (Fla. 2d DCA 1994); Pinder v. State, 431 So.2d 997 (Fla. 2d DCA 1983); Pinder v. State, 366 So.2d 38 (Fla. 2d DCA 1978), approved, 375 So.2d 836 (1979), receded from by State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). Thus, the trial court properly concluded that Pinder was seeking an inappropriate vehicle for relief. See White v. Dugger, 511 So.2d 554 (Fla.1987). Further, because the specific relief sought was time-barred under Rule 3.850, the trial court correctly declined to convert Pinder's petition for writ of habeas corpus into a motion for postconviction relief. Accordingly, we affirm.
By the inclusion of his second issue in this pro se appeal, Pinder suggests that we treat his brief as an original petition. Because any claim that Pinder might have had for ineffective assistance of appellate counsel is barred by laches, we deny it, on the merits, as an independent petition for ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.140(j). See McCray v. State, 699 So.2d 1366 (Fla.1997).
Order dismissing petition for writ of habeas corpus affirmed. Petition for review denied.
PATTERSON, C.J., and CAMPBELL and SALCINES, JJ., Concur.