PER CURIAM.
We agree with the order of the circuit court judge rendered in this case which summarily denied Moore’s post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. As the circuit court points out, Moore previously filed a motion pursuant to rule 3.850, which was denied by that court and the denial was affirmed by this court. See Moore v. State, 789 So.2d 551 (Fla. 5th DCA 2001). Further, Moore does not allege here that the two grounds he now asserts relating to ineffective assistance of counsel were not known and could not have been known to him at the time of the earlier motion. Thus, this motion is successive and an abuse of process.
The two additional grounds Moore seeks to raise in this motion pertain to matters which could have and should have been raised on direct appeal: the legal sufficiency of the charging information, and the sufficiency of the jury instructions. These grounds, too, are procedurally barred. See, e.g., Asay v. State, 769 So.2d 974 (Fla.2000).
AFFIRMED.
SHARP, W., PETERSON and PALMER, JJ., concur.