876 So.2d 1233 (2004)
Henry WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3955.
District Court of Appeal of Florida, Fifth District.
June 11, 2004.
Rehearing Denied July 15, 2004.
Henry Washington, Orlando, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Washington appeals from the denial of his petition for habeas corpus in which he seeks to collaterally attack his judgment and sentence for burglary of a structure, possession of burglary tools and petit *1234 theft,[1] He was tried on January 20, 2000 and was found guilty on all three charges. We affirm.
The basis for our denial is primarily procedural. A petition for habeas corpus may not be used to collaterally attack a criminal judgment and sentence because Florida Rule of Criminal Procedure 3.850 has superceded habeas corpus as the only means to raise such issues. See Baker v. State, 878 So.2d 1236, 2004 WL 439879 (Fla. March 11, 2004); Spratling v. State, 851 So.2d 228 (Fla. 1st DCA 2003).
More importantly, the petition is successive and thus an abuse of process. See Spaziano v. State, 545 So.2d 843 (Fla.1989); Torres v. State, 554 So.2d 1230 (Fla. 2d DCA 1990). After Washington appealed from the criminal judgment and this court affirmed without opinion,[2] he filed a motion for post-conviction relief, asserting twenty grounds for finding ineffective assistance of trial counsel. The trial court summarily denied some, conducted an evidentiary hearing on one ground, and denied relief on that ground. He appealed and this court affirmed without opinion.[3] In this petition, Washington either re-states many of the issues pertaining to ineffective assistance of trial counsel presented in his prior 3.850 proceeding, or grounds which could or should have been addressed in the previous Rule 3.850 motion.
We caution Washington against filing additional successive and improper collateral attacks on this criminal judgment. If he persists, this court may bar him from filing any additional pro se pleadings in this court seeking to collaterally attack the judgment and sentences. See State v. Spencer, 751 So.2d 47 (Fla.1999).
AFFIRMED.
SAWAYA, C.J., and MONACO, J., concur.
NOTES
[1] §§ 810.02(1), 810.06, 812.014(1), Fla. Stat. (1999).
[2] See Washington v. State, 792 So.2d 475 (Fla. 5th DCA 2001).
[3] Ibid.