SHARP, W., J.
Guilford has filed a petition with this court to invoke our original all writs jurisdiction. In substance it is an appeal of the trial court’s order which dismissed his petition for writ of habeas corpus or an appeal of an order summarily dismissing a Rule 3.850 motion. See Rule 9.040(c). We dismiss and clarify our prior prohibition to Guilford from filing any additional pro se pleadings in this court which seek to challenge or correct the sentences and convictions imposed on him in Case No. 91-6837-CFA.
The criminal case involved here arose after a jury trial in 1991, in which Guilford was found guilty, and was convicted of one count of burglary of a dwelling with assault (count one), one count of false imprisonment (count two), two counts of sexual battery (counts three and four) and one count of robbery (count five). He was sentenced as a habitual offender to sixty years on count one, ten years on count two, and thirty years on counts three through five. His sentencing took place on November 26, 1991 — nearly fourteen years ago.
In the habeas petition below Guilford argued that he was improperly sentenced as an habitual offender because he did not receive adequate notice of the state’s intent to seek habitual offender penalties against him, and he was not notified of the applicable statutory máximums for his offenses. He argued that if the habitual offender designation were removed, he would be entitled to guidelines sentences, and because of the fourteen years he has served in prison, he would now be entitled to immediate release.
*590 The trial court properly dismissed the petition, pointing out that habeas corpus is not a second appeal mechanism, and may not be used to litigate issues that could or should have been raised on direct appeal. See, e.g., Breedlove v. Singletary, 595 So.2d 8 (Fla.1992). Further, it noted that habeas corpus relief is not available with regard to claims that could be raised in a Rule 3.850 motion. See Baker v. State, 878 So.2d 1236 (Fla.2004). All of the issues raised in Guilford’s petition below could or should have been raised in a direct appeal or by a motion filed pursuant to Rule 3.850, and the applicable time limits to raise them have long since passed. The court also dismissed Guilford’s petition because of this court’s opinion in Guilford v. State, 715 So.2d 363 (Fla. 5th DCA 1998).
In that case we documented that Guil-ford had been a frequent visitor to this court, seeking to collaterally challenge his sentences and convictions in Case No. 91-6837-CFA. In Guilford, supra, this court noted that that was Guilford’s fourth post-conviction motion and sixth appeal or petition concerning that criminal case. As a result, this court prohibited Guilford from “filing any further pro se pleadings with this court concerning his convictions and sentences in Case No. 91-6837-CFA.” We also warned Guilford sanctions could be imposed, if he persisted in filing additional pleadings.
Guilford addresses this prohibition in his all writs petition now before this court. He argues that he was prohibited from filing any additional pro se pleadings in Case No. 91-6837-CFA, and that because the instant habeas petition filed below was given a new case number — 2005-30818-CICI — our prior opinion did not bar an appeal from the denial of this petition, because it is a different case. However, this argument is meritless. This court’s opinion rendered in Guilford, supra, encompassed any further pleadings regarding the convictions and sentences involved in Case No. 91-6837-CFA, no matter how the pleadings were numbered. We said:
The defendant is prohibited from filing any further pro se pleadings with this court, concerning his convictions and sentences in Case No. 91-6837-CFA.
He also argues that this is not a pro se pleading because it was prepared by an individual named William Montez, a friend of Guilford’s. He attached to his petition in this court an affidavit that Mon-tez signed, establishing that he prepared it on Guilford’s behalf, pursuant to Seccia v. Wainwright, 487 So.2d 1156 (Fla. 1st DCA 1986). That case holds that habeas petitions may be filed by an agent, or friend, wife or husband, or by a parent for his child, a guardian for his ward, or special bail for his principal, and “in any event ... a friendly person in the interest of the person illegal detained.” Id. at 1157. Montez avers to have filed the habeas petition as a personal friend of Guilford’s, and asserts that Guilford is currently illegally detained.
This is a clever argument. Doubtless this court was not thinking of the Seccia case when it drafted its prior opinion barring additional pro se pleadings involving the sentences and convictions in Case No. 91-6837-CFA. Had it done so, clearly it would have barred such pleadings. The reason for the prohibition against pro se pleadings is to require the involvement of a lawyer, who is subject to the requirements of the Florida Bar rules and professional ethics, and who is also subject to sanctions by the Bar and courts, in the event such an attorney files frivolous or meritless pleadings, on behalf of Guilford. Given Guilford’s established fact pattern, he either believes he is not under any such constraints, or is unable to understand the complete lack of merit in his persistence in *591 filing endless useless attacks on his sentences and convictions which were imposed in this criminal case. Unless Montez is in fact an attorney currently licensed to practice law in Florida, which is not apparent from the record, we deem what has been filed in this case is, in essence, a pro se pleading filed in violation of this court’s prior order.
Since Guilford is not an attorney trained in the law, we will not at this point, issue a show cause order as to why he should not be sanctioned by this court for having joined with Montez in filing this pleading in this court. However we further clarify our prohibition to Guilford against filing additional pleadings of any kind in this court, however numbered or titled, which seek to collaterally attack his convictions and sentences imposed in Case No. 91-6837-CFA, unless such pleadings are signed by an attorney currently licensed to practice law in the State of Florida. We warn Guilford that any further violation of this order by him may result in the imposition of sanctions against him.
PETITION DISMISSED.
GRIFFIN and THOMPSON, JJ., concur.