SILBERMAN, Judge.
Mack Dewayne Barnes appeals an order dismissing his petition for writ of habeas corpus. Although the trial court incorrectly concluded that it lacked jurisdiction to entertain the petition, we affirm the dismissal on a different ground.
Barnes argued in his petition that the Tenth Judicial Circuit Court erroneously *535 accepted his plea and revoked his probation based upon his failure to take polygraph examinations as part of his sexual abuse counseling when the taking of polygraph examinations was not a condition of his probation. Because Barnes was attacking the validity of the proceedings in the Tenth Judicial Circuit Court, jurisdiction to entertain the petition lay with that court. See Carmen v. State, 300 So.2d 713, 714 (Fla. 2d DCA 1974); Collins v. State, 859 So.2d 1244, 1245 (Fla. 5th DCA 2003). Nevertheless, Barnes is not entitled to ha-beas relief.
A petition for writ of habeas corpus cannot be used as a substitute for an appropriate postconviction motion. See Fla. R.Crim. P. 3.850(h); Baker v. State, 878 So.2d 1236 (Fla.2004); Pinder v. State, 779 So.2d 309, 309-10 (Fla. 2d DCA 1999). Barnes has not demonstrated that such a motion would have been inadequate or ineffective to address his claim, and his petition was not filed within the time period allowed for filing a rule 3.850 motion. See Fla. R.Crim. P. 3.850(h). Thus, we cannot fault the circuit court for not treating the petition as a rule 3.850 motion. See Pinder, 779 So.2d at 310. Accordingly, we affirm the trial court’s dismissal of the petition, although on a different ground than the one relied on by the trial court.
Affirmed.
FULMER, C.J., and SALCINES, J., Concur.