SHARP, W., J.
Galloway appeals from an order dismissing his petition for writ of habeas corpus. We affirm.
The record establishes that Galloway was convicted of first degree murder on September 18, 1998, by a jury and sentenced to life in prison. He is currently incarcerated at Lake Correctional Institution in Lake County. He filed this petition in the Circuit Court for Lake County. However, he was tried and convicted in Pinellas County, and his criminal case was affirmed by the Second District Court of Appeal. Galloway v. State, 787 So.2d 972 (Fla. 2d DCA 2001).
Galloway claims in his petition that his indictment was fatally defective because it failed to allege that he committed the offense through a premeditated design.[1] Thus, it failed to charge him with a crime under Florida law. The Lake County judge ruled that this ground should have been raised on direct appeal or in a prior post-conviction proceeding, not a habeas proceeding.
We agree the petition should have been dismissed, but on jurisdictional grounds. When a petitioner attacks the validity of a conviction by raising issues relating to the trial or propriety of a plea, jurisdiction in habeas corpus proceedings lies with the trial court that rendered the *137 judgment of conviction. Collins v. State, 859 So.2d 1244, 1245 (Fla. 5th DCA 2003).
In a similar case, Borinstein v. State, 893 So.2d 687 (Fla. 5th DCA 2005), this court ruled that habeas is not an available remedy to obtain collateral post conviction relief. It must be obtained by filing an appropriate and timely motion pursuant to either Rule 3.850 or 3.800 in the sentencing court — not the circuit court located in the county in which the petitioner is being imprisoned.
AFFIRM.
PLEUS, C.J. and TORPY, J., concur.

. Although the indictment does not use the words "through a premeditated design," it charges that he violated section 782.04(l)(a), which charges first degree, premeditated murder.