937 So.2d 1142 (2006)
Donald WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1193.
District Court of Appeal of Florida, Fifth District.
August 18, 2006.
*1143 Donald O. Williams, Bushnell, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Donald Williams timely appeals from the denial of his petition for a writ of habeas corpus.
In 2001, Williams entered a no contest plea in Lake County to a charge of carjacking. He was sentenced to thirty years in the Department of Corrections (twenty years suspended on the completion of five years sex offender probation followed by fifteen years probation) and ordered to pay restitution, fines and costs. Williams is currently incarcerated in Sumter County. He filed a petition for a writ of habeas corpus in Sumter County, in which he raised several claims collaterally challenging the judgment and sentence imposed.
The trial judge correctly found that a petition for habeas corpus may not be used to collaterally attack a criminal judgment and sentence as Williams has attempted to do. Florida Rule of Criminal Procedure 3.850 has superseded habeas corpus as the only means to raise such issues. Richardson v. State, 918 So.2d 999 (Fla. 5th DCA 2006).
The trial judge also correctly found that it lacked jurisdiction to review the Lake County plea and sentence. Collins v. State, 859 So.2d 1244 (Fla. 5th DCA 2003).
Given the procedural and jurisdictional bars to relief, Williams' petition should have been dismissed. However, as we stated in Richardson, for purposes of judicial economy we should affirm the order denying the petition rather than vacate it and remand to the trial court for entry of an order of dismissal. We again emphasize that when a habeas petition is filed raising inappropriate issues that fall within one of the three categories enumerated in Baker v. State, 878 So.2d 1236 (Fla.2004), the appropriate disposition is dismissal.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.