947 So.2d 1192 (2007)
Jahzwah JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1353.
District Court of Appeal of Florida, Third District.
January 24, 2007.
Jahzwah Johnson, in proper person.
Bill McCollum, Attorney General, and Juliet S. Fattel, Assistant Attorney General, for appellee.
Before GREEN, WELLS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The appellant, Jahzwah Johnson ("Johnson"), appeals the denial by the Eleventh Judicial Circuit Court of a petition for writ of habeas. As we conclude that the petition was filed in the incorrect court, we affirm the trial court's order denying the petition without prejudice, thereby providing Johnson with the opportunity of raising the instant claims in the Twentieth Judicial Circuit Court in Charlotte County, Florida.
On March 2, 2005, Johnson entered a plea of nolo contendere to robbery with a deadly weapon, was adjudicated guilty, and duly sentenced. Johnson, who is currently incarcerated in Miami-Dade County, seeks to attack the validity of the judgment and sentence imposed. While a *1193 defendant is required to file a petition for writ of habeas corpus in the circuit where the defendant is incarcerated when the petition involves an issue regarding the prisoner's incarceration, the converse is true when the petition is based upon the legality of the conviction imposed in another circuit. See Calloway v. State, 699 So.2d 849, 849-50 (Fla. 3d DCA 1997)(explaining that a circuit court has no jurisdiction to review the legality of a conviction in another circuit); Leichtman v. Singletary, 674 So.2d 889, 891 (Fla. 4th DCA 1996)(holding that a court from one county does not have jurisdiction to hear a petition collaterally attacking a judgment and sentence from another county).
In affirming the denial of Johnson's petition filed in the Eleventh Judicial Circuit without prejudice to allow Johnson to seek the appropriate relief in the Twentieth Judicial Circuit, this court does not address nor does it intend to infer that habeas corpus relief is the proper mechanism to raise the claims Johnson has raised herein. To the contrary, it appears that Johnson's claims are, in fact, claims seeking postconviction relief which must be raised pursuant to Rule 3.850, Florida Rules of Criminal Procedure.
Affirmed.