963 So.2d 858 (2007)
David Q. SUTTON, II, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D07-2175.
District Court of Appeal of Florida, Fifth District.
August 10, 2007.
David Q. Sutton, II, Sanderson, Pro se.
No Appearance for Respondent.
THOMPSON, J.
David Q. Sutton, II, seeks a writ of habeas corpus in lower court case numbers 00-CF-38316 and 00-CF-39333 to free him from his allegedly illegal detention. We dismiss the petition with an admonition that Sutton not file additional collateral attacks on his convictions. Carr v. State, 838 So.2d 700 (Fla. 5th DCA 2003).
The State charged the 20-year-old with attempted first-degree felony murder, armed burglary of a dwelling, burglary of a conveyance, burglary of a structure, and petit theft. On 16 June 2004, Sutton entered an open plea of nolo contendere and was sentenced to 50 years' prison with 30 years' suspended, followed by a term of life probation for armed burglary; 30 years' prison with 10 years' suspended, followed by 10 years' probation for first-degree felony murder; 5 years' prison for burglary of a conveyance; 5 years' prison for burglary of a structure; and time served for petit theft. This court affirmed per curiam the conviction and sentence on 21 June 2005. See Sutton v. State, 905 So.2d 148 (Fla. 5th DCA 2005) (table). Shortly after his conviction, he began his appellate quest for collateral relief.
In 2005, Sutton filed a rule 3.850 motion for postconviction relief. The trial court summarily denied his motion, and this court affirmed per curiam. See Sutton v. State, 942 So.2d 898 (Fla. 5th DCA 2006) (table). Next, he filed a rule 3.800(a) motion to correct sentence, arguing that the trial court lacked jurisdiction to sentence him because it failed to obtain jurisdiction over him for adult sentencing by the procedure set forth in section 985.226(2)(a), Florida Statutes (2004). The trial court summarily denied his motion and this court affirmed per curiam. See Sutton v. State, 942 So.2d 898 (Fla. 5th DCA 2006) (table).
On 30 March 2007, Sutton filed a petition for writ of prohibition in this court seeking an order restraining Circuit Court Judge Charles M. Holcomb and this court from acting in excess of their jurisdiction and abusing judicial power in denying his *859 motions by illegal methods or denying his appeals per curiam, which precludes legal review. The crux of his prohibition argument was the same jurisdiction argument that he made previously under section 985.226(2)(a). This court denied the petition on 16 April 2007. See Sutton v. State, Case No. 5D07-1109 (Fla. 5th DCA April 16, 2007).
In the instant petition for writ of habeas corpus, Sutton argues that he is illegally detained because his "prosecution was never initiated, thus rendering the judgment of conviction and sentence void." The gist of his claim is once again premised on his view that the State failed to file a petition for delinquency and treat him as a juvenile. He also argues that section 985.227 is unconstitutional because "it grants unbridled prosecutorial power giving way to selective prosecution and arbitrary classification with no Distinct [sic] standard of law to be followed in prosecuting children."
We dismiss the instant petition because it is an improper attempt to use habeas review as a mechanism to collaterally attack his judgment and sentence. See Richardson v. State, 918 So.2d 999, 1002 (Fla. 5th DCA 2006) ("Since adoption of rule 3.850 and its predecessor, the courts have consistently held that it is inappropriate to collaterally attack a conviction through the process of habeas proceedings because such claims are cognizable under the rule."). Moreover, when such an improper habeas attack has been lodged, the proper disposition is dismissal. See id. at 1003-04.
Sutton has diligently sought appellate relief. However, the premise for his relief is refuted by a review of the record and section 985.226(2)(a). This court has ruled repeatedly that he is not entitled to relief, yet his appeals continue. Therefore, we warn "that additional collateral attacks on his convictions and sentences, if successive and improper, will result in sanctions, including an order from this court barring him from filing additional collateral attacks on those convictions and sentences. . . ." Carr, 838 So.2d 700.
PETITION DISMISSED.
PALMER, C.J. and EVANDER, J., concur.