PER CURIAM.
 

 Ramon Armas Borroto, Jr., appeals the dismissal of his petition for writ of habeas corpus. The trial court correctly ruled that Borroto’s petition did not allege a proper basis for habeas relief. First, Borroto claimed several instances of ineffective assistance of collateral counsel relating to a motion filed on Borroto’s behalf pursuant to Florida Rule of Criminal Procedure 3.850. However, “a claim of ineffective assistance of collateral counsel does not provide a valid basis for [habeas] relief.”
 
 Hicks v. State,
 
 979 So.2d 360, 360 (Fla. 5th DCA 2008) (citing
 
 Pennsylvania v. Finley,
 
 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). Second, Borroto included a number of issues relating to his underlying conviction that should have been raised, if at all, on direct appeal — and are therefore procedurally barred from being used to collaterally attack his conviction.
 
 See, e.g., Harvey v. State,
 
 383 So.2d 770, 771 (Fla. 3d DCA 1980). Finally, Borroto alleges a number of instances of ineffective assistance of his original trial counsel, which cannot be raised by habeas petition.
 
 See Richardson v. State,
 
 918 So.2d 999, 1002 (Fla. 5th DCA 2006) (“Since adoption of rule 3.850 and its predecessor, the courts have consistently held that it is inappropriate to collaterally attack a conviction through the process of habeas proceedings because such claims are cognizable under the rule.”). “[W]hen such an improper habeas attack has been lodged, the proper disposition is dismissal.”
 
 Sutton v. State,
 
 963 So.2d 858, 859 (Fla. 5th DCA 2007).
 

 AFFIRMED.
 

 ORFINGER, LAWSON and JACOBUS, JJ., concur.