ORFINGER, J.
Michael Gisi appeals the denial of his petition for writ of habeas corpus. Gisi’s petition alleged that he is being illegally held due to a defect in the information, which, he contends, precludes one of his convictions. We dismiss this appeal due to a lack of jurisdiction.[1]
Gisi was tried and convicted in Pinellas County, Florida, of four counts of committing a lewd or lascivious act upon a minor, eight counts of handling and fondling a child, one count of interference with custody and one count of seduction of a child via a computer. The Second District Court of Appeal affirmed Gisi’s convictions and sentences. Gisi v. State, 818 So.2d 510 (Fla. 2d DCA 2002). However, after Gisi successfully demonstrated that he received ineffective assistance of appellate counsel, the second district permitted him a new direct appeal on several issues. Gisi v. State, 848 So.2d 1278 (Fla. 2d DCA 2003). As a result of his second direct appeal, the second district affirmed some of the counts and reversed others. Count 4, the one at issue in this proceeding, was again affirmed. Gisi v. State, 909 So.2d 531, 532-34 (Fla. 2d DCA 2005).
In his habeas petition filed in Orange County, where Gisi is currently detained, Gisi claims that he is being illegally held *535 because the information in Count 4 alleged an offense date of November 22, 1998, but the verdict form listed the offense date as November 21,1998. The circuit court considered Gisi’s petition on the merits and denied relief, concluding that any error on the verdict form was inconsequential because the proof at trial matched the finding of guilt. In reaching this conclusion, the circuit court relied on Coderre v. State, 883 So.2d 385 (Fla. 4th DCA 2004), which reiterated that
the date and time is ordinarily not a substantive part of an indictment or information and that there may be a variance between the dates proved at trial and those alleged in the indictment as long as: “(l)the crime was committed before the return date of the indictment; (2) the crime was committed within the applicable statute of limitations; and (3) the defendant has been neither ... surprised nor hampered in preparing his defense.”
Id. at 386 (quoting Tingley v. State, 549 So.2d 649, 651 (Fla.1989)). While we agree with the trial court’s analysis, we conclude that the circuit court lacked jurisdiction to consider this claim on the merits.
The circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ of habeas corpus when the petition involves an issue regarding the prisoner’s incarceration. Johnson v. State, 947 So.2d 1192, 1192-93 (Fla. 3d DCA 2007). However, a habeas petition attacking the validity of a conviction and asserting issues related to the trial court proceedings, must be brought in the circuit court of the county that rendered the judgment of conviction. Galloway v. State, 931 So.2d 136, 136-37 (Fla. 5th DCA 2006). Because Gisi’s petition attacks his conviction, the proper court is the Circuit Court of Pinellas County. For these reasons, we dismiss this appeal.
APPEAL DISMISSED.
TORPY, C.J., and COHEN, J., concur.

. Neither party addressed the issue of jurisdiction in their briefs.