# Third District Court of Appeal

**State of Florida**

Opinion filed December 31, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1110
Lower Tribunal No. 13-1330-K

_____

**Jerry Thomas Baker,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Wayne M. Miller, Judge.

Jerry Thomas Baker, in proper person.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA and SCALES, JJ.

SCALES, J.

Jerry Thomas Baker (Baker), appeals from an order of the Monroe County Circuit Court that transferred his petition for writ of habeas corpus to the Leon County Circuit Court. We vacate the order transferring venue and remand with instructions that the Monroe County Circuit Court dismiss Baker's petition.

In 1995, Baker was charged in Monroe County with, *inter alia*, armed robbery. After a jury trial, in 1996, Baker was found guilty and sentenced to life in prison. At all times pertinent to this appeal, Baker has been incarcerated at the Apalachee Correctional Institution East located in Jackson County.

Since his conviction, Baker has filed a direct appeal of his conviction and a multitude of post-conviction motions and habeas petitions—all of which were affirmed, denied, or dismissed without published opinion.[1]

On December 11, 2013—more than fifteen years after a mandate was issued upon Baker's unsuccessful direct appeal—Baker filed a petition for writ of habeas corpus in the Monroe County Circuit Court challenging the charging document associated with his 1996 conviction. There is no allegation of newly discovered evidence in the petition.

[1] See Baker v. State, 705 So. 2d 14 (Fla. 3d DCA 1998) (Table); Baker v. Singletary, 728 So. 2d 228 (Fla. 3d DCA 1999) (Table); Baker v. Singletary, 729 So. 2d 389 (Fla. 1999) (Table); Baker v. State, 766 So. 2d 1053 (Fla. 3d DCA 2000) (Table); Baker v. State, 812 So. 2d 418 (Fla. 3d DCA 2002) (Table); Baker v. State, 814 So. 2d 1049 (Fla. 3d DCA 2002) (Table); Baker v. State, 816 So. 2d 627 (Fla. 3d DCA 2002) (Table); Baker v. State, 845 So. 2d 201 (Fla. 3d DCA 2003) (Table); Baker v. State, 896 So. 2d 762 (Fla. 3d DCA 2005) (Table); Baker v. State, 95 So. 3d 234 (Fla. 3d DCA 2012) (Table).

Without ruling on the merits of Baker's petition, on January 24, 2014, the Monroe County Circuit Court transferred Baker's petition to the Second Judicial Circuit in Leon County.[2]

The Leon County Circuit Court reviewed Baker's petition, determined that Baker was actually attempting to collaterally attack the underlying conviction, and, on February 11, 2014, dismissed Baker's petition. In its order of dismissal, the Leon County Circuit Court determined that it lacked jurisdiction to adjudicate Baker's claims seeking post-conviction relief.

Baker then filed the instant appeal seeking review of the Monroe County Circuit Court's January 24, 2014 order transferring venue.

In his appeal, Baker seems to concede that his petition seeks post-conviction, rather than habeas corpus, relief. Baker argues: (1) the Monroe County Circuit Court has jurisdiction over his habeas petition; and (2) the Monroe County Circuit Court should have construed his habeas petition as a motion for post-conviction relief and adjudicated same.

---

[2] The cases cited in support of the order transferring venue are distinguishable from the instant case. In those cases, prisoners sought mandamus relief against the Department of Corrections (DOC), and the courts determined that the proper venue was Leon County, where the DOC has its headquarters. See Stovall v. Cooper, 860 So. 2d 5 (Fla. 2d DCA 2003); Barber v. State, 661 So. 2d 355 (Fla. 3d DCA 1995). Both parties in the instant case believe Baker's petition was transferred under the Monroe County Circuit Court's mistaken belief that Baker was incarcerated in Leon County.

Baker's first argument is correct. The Monroe County Circuit Court, the court of conviction, has jurisdiction over Baker's habeas petition because the petition challenges the sufficiency of the charging document which amounts to a collateral attack on Baker's 1996 conviction. See Richardson v. State, 918 So. 2d 999, 1001 (Fla. 5th DCA 2006) ("[T]he general rule [is] that a petition for writ of habeas corpus should be filed in the circuit court where the defendant is detained . . . . But there is an exception . . . '[w]hen a petitioner attacks the validity of the conviction . . . jurisdiction in habeas proceedings lies with the trial court that imposed the sentence and rendered the judgment of conviction.'") (citation omitted).

Baker's second argument, however, is incorrect. The Monroe County Circuit Court did not err by failing to construe the habeas petition as a motion for post-conviction relief. The grounds raised by Baker are inappropriate for a habeas petition because they could have and should have been raised on direct appeal. See Price v. State, 937 So. 2d 702, 702-03 (Fla. 5th DCA 2006); Moore v. State, 817 So. 2d 1072 (Fla. 5th DCA 2002). Additionally, if these grounds were asserted pursuant to Florida Rule of Criminal Procedure 3.850, they are time-barred. See Fla. R. Crim. P. 3.850(b).

Generally, "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the

4

responsibility of the court to seek the proper remedy." See Fla. R. App. P. 9.040(c) (applicable to the circuit court in this case, Fla. R. App. P. 9.010 & 9.030(c)(3)); Zuluaga v. State, Dep't. of Corrs., 32 So. 3d 674, 677 (Fla. 1st DCA 2010).

In certain instances, however, dismissal rather than treatment as a Florida Rule of Criminal Procedure 3.850 motion, is the appropriate remedy when a habeas petition challenges the judgment and sentence. See Baker v. State, 878 So. 2d 1236, 1245-46 (Fla. 2004) ("Accordingly, from now on, we will dismiss as unauthorized, habeas corpus petitions filed by noncapital defendants that seek the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief, or alleges new or different grounds for relief that were known or should have been known at the time the first motion was filed."); Richardson, 918 So. 2d at 1004 ("[W]e emphasize that when a habeas petition is filed raising inappropriate issues that fall within one of the three categories enumerated in Baker, the appropriate disposition is dismissal. Treating the petition as a rule 3.850 motion and deciding the issues on the merits based on

5

attendant hearings before the trial court is indeed a waste of valuable judicial resources.").

Accordingly, we vacate the trial court's January 24, 2014 order transferring venue, and remand with instructions that the Monroe County Circuit Court dismiss Baker's petition.

Remanded with instructions.