IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAHMAN WHITFIELD,

      Appellant,

v.                                           Case No. 5D16-2143

DEPARTMENT OF CORRECTIONS
AND STATE OF FLORIDA,

      Appellees.

_____/

Opinion filed October 14, 2016

Appeal from the Circuit Court
for Orange County,
Keith F. White, Judge.

Jahman Whitfield, Live Oak, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee, State of Florida.

No Appearance for other Appellee.

PER CURIAM.

      Jahman Whitfield appeals an order denying his petition for writ of habeas corpus.

Because the trial court reached the right result, albeit for the wrong reason, we affirm.

      Following a jury trial in Orange County, Whitfield was convicted, as charged, of two

counts of sexual battery while using a deadly weapon or using actual physical force likely

to cause serious personal injury.[1]  This court affirmed Whitfield's convictions and sentences without opinion.  *Whitfield v. State*, No. 5D14-238, 2015 WL 4392841 (Fla. 5th DCA July 14, 2015).

In the instant habeas corpus petition, Whitfield argues that the information charging him with two counts of sexual battery was "fundamentally defective" because it failed to describe the deadly weapon allegedly used.  He further argues that the State failed to present any evidence at trial that a deadly weapon was used during the commission of these crimes.

In denying the petition, the trial court determined that Whitfield was not entitled to pursue habeas corpus relief in Orange County because, at the time he filed his petition, Whitfield was incarcerated in Suwannee County.  This was error.  Where, as here, a petition for writ of habeas corpus attacks the validity of the conviction or issues related to the trial court proceedings, it must be brought in the circuit court of the county that rendered the judgment of conviction.  *Gisi v. State*, 119 So. 3d 534, 535 (Fla. 5th DCA 2013) (citing *Galloway v. State*, 931 So. 2d 136, 136–37 (Fla. 5th DCA 2006)).

Although the trial court applied the wrong rationale when it denied Whitfield's petition, "[a] conclusion or decision of a trial court will generally be affirmed, even when based on erroneous reasoning, if the evidence or an alternative theory supports it."  *Caso v. State*, 524 So. 2d 422, 424 (Fla. 1988) (citations omitted).  Although our record is sparse, it is nevertheless apparent that Whitfield's petition fails for at least two reasons.

First, it is well settled that "habeas corpus is not a vehicle for obtaining a second appeal of issues which were raised, or should have been raised, on direct appeal or which

---

[1] Whitfield was also convicted of four other felonies which are not contested or challenged by Whitfield in his petition.

2

were waived at trial." *Blanco v. Wainwright*, 507 So. 2d 1377, 1384 (Fla. 1987). Any concern Whitfield had regarding the sufficiency of the evidence presented at trial to support these convictions needed to be raised on direct appeal.

Second, the information filed was not fundamentally defective. Whitfield was charged with violating section 794.011(3), Florida Statutes (2012), which makes it a crime to commit a sexual battery upon a person twelve years of age or older without that person's consent and, in the process, use or threaten to use a deadly weapon or use physical force likely to cause serious personal injury to the victim. The information charging Whitfield with the commission of these two crimes references the aforementioned statute, sets forth the date and the specific manner in which Whitfield committed each sexual battery, and that they were committed by Whitfield without the consent of the victim. Lastly, the State averred in the information that in the course of committing these crimes, Whitfield used or threatened to use a deadly weapon or used actual physical force likely to cause serious personal injury to the victim. Accordingly, the State sufficiently pleaded the essential elements of the two charged crimes in the information, providing Whitfield with appropriate notice of the conduct for which he was being prosecuted. Under these circumstances, the failure to specify what type of deadly weapon was used was not significant. *Cf. McClamrock v. State*, 374 So. 2d 1076, 1077 (Fla. 2d DCA 1979) (stating conviction of aggravated assault would not be overturned on the ground that the information was vague and indefinite where it did not state what type of deadly weapon was allegedly used).

AFFIRMED.

ORFINGER, BERGER and LAMBERT, JJ., concur.

3