IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

YVES JEAN JACQUES MILORD,

      Appellant,

 v.                                      Case No.  5D16-3422

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 7, 2017

Appeal from the Circuit Court
for Orange County,
Keith F. White , Judge.

Yves J. Milord, Bowling Green, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wesley Heidt, Assistant
Attorney General, Daytona Beach, for
Appellee.

PER CURIAM.

Yves Jean Jacques Milord appeals the trial court's dismissal of his petition for writ

of habeas corpus.  We affirm.

In his petition, Milord challenged his convictions, arguing he was wrongfully

convicted based on a fatally defective arrest warrant and charging information.  The trial

court dismissed Milord's habeas petition, determining that Milord should have filed the

petition in Hardee County, where he was incarcerated at the time, and not in Orange

County where he was convicted. This was error. When, as here, a petition for writ of habeas corpus attacks the validity of the conviction or issues related to the trial court proceedings, it must be brought in the circuit court of the county that rendered the judgment of conviction. Whitfield v. Dep't of Corr., 202 So. 3d 116, 117 (Fla. 5th DCA 2016); Gisi v. State, 119 So. 3d 534, 535 (Fla. 5th DCA 2013).

Although the trial court dismissed the petition on erroneous grounds, dismissal was still appropriate. See Whitfield, 202 So. 3d at 117 ("A conclusion or decision of a trial court will generally be affirmed, even when based on erroneous reasoning, if the evidence or an alternative theory supports it." (quoting Caso v. State, 524 So. 2d 422, 424 (Fla. 1988))). Milord is not entitled to habeas corpus relief because his claims are collaterally attacking his conviction, and therefore, could have or should have been raised on direct appeal or in a timely Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. [1] See Richardson v. State, 918 So. 2d 999, 1002 (Fla. 5th DCA 2006) ("Since adoption of rule 3.850 and its predecessor, the courts have consistently held that it is inappropriate to collaterally attack a conviction through the process of habeas proceedings because such claims are cognizable under the rule."); see also Baker v. State, 878 So. 2d 1236, 1241 (Fla. 2004) (reiterating that remedy of habeas corpus is not available as substitute for postconviction relief under rule 3.850); Blanco v. Wainwright, 507 So. 2d 1377, 1384 (Fla. 1987) (explaining that "habeas corpus is not a vehicle for

---

[1] These issues would be procedurally barred, untimely, and successive even if considered as a rule 3.850 motion. See Fla. R. Crim. P. 3.850(b)&(h). Milord's judgment and sentence became final on November 18, 2009, see Milord v. State, 20 So. 3d 862 (Fla. 5th DCA 2009), and therefore, his two-year filing window expired on November 18, 2011. See Fla. R. Crim. P. 3.850(b). Further, Milord previously filed a rule 3.850 motion, which was denied by the trial court and the denial was affirmed on appeal. Milord v. State, 145 So. 3d 862 (Fla. 5th DCA 2014).

obtaining a second appeal of issues which were raised, or should have been raised, on direct appeal or which were waived at trial").

AFFIRMED.

SAWAYA, ORFINGER and TORPY, JJ., concur.