# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D23-3421
LT Case No. 2023-32254-CICI

———————————————

JONATHAN TRAMMELL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————


On appeal from the Circuit Court for Volusia County.
Mary G. Jolley, Judge.

Jonathan Trammell, Daytona Beach, pro se.

Ashley Moody, Attorney General, Tallahassee, and Whitney
Brown Hartless, Assistant Attorney General, Daytona Beach, for
Appellee.

April 5, 2024


PER CURIAM.

Jonathan Trammell appeals the circuit court's dismissal of his
petition for writ of habeas corpus. We affirm.

Trammell was tried and convicted in the Sixth Judicial
Circuit Court, Pinellas County, of lewd or lascivious molestation of
a child under the age of twelve and was sentenced by the trial court

to serve life in prison. Trammell's direct appeal of his conviction and sentence was affirmed by the Second District Court of Appeal without opinion. *Trammell v. State*, 181 So. 3d 495 (Fla. 2d DCA 2015).

Trammell is currently serving his sentence at the Tomoka Correctional Institution located in Volusia County. In August 2023, he filed the subject petition for writ of habeas corpus in the Seventh Judicial Circuit Court, Volusia County. Trammell's petition requested that his sentence be vacated and that he be resentenced before a different judge. He argued that his due process rights had been violated during sentencing because the trial judge allegedly considered impermissible factors when imposing sentence, made factual findings not determined by the jury, and sentenced him more harshly based on the judge's alleged own personal bias against the type of crime for which Trammell was convicted.

In dismissing Trammell's petition, the circuit judge in Volusia County, citing *Gisi v. State*, 119 So. 3d 534, 535 (Fla. 5th DCA 2013), found that because Trammell's petition raised claims solely related to the trial court proceedings, and not related to an issue regarding his incarceration in Volusia County, it lacked jurisdiction to consider the petition. The circuit judge is correct.

In *Gisi*, we wrote:

> The circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ of habeas corpus when the petition involves an issue regarding the prisoner's incarceration. *Johnson v. State,* 947 So. 2d 1192, 1192–93 (Fla. 3d DCA 2007). However, a habeas petition attacking the validity of a conviction and asserting issues related to the trial court proceedings, must be brought in the circuit court of the county that rendered the judgment of conviction. *Galloway v. State,* 931 So. 2d 136, 136–37 (Fla. 5th DCA 2006). Because Gisi's petition attacks his conviction, the proper court is the Circuit Court of Pinellas County.

*Id.* at 535.

Accordingly, we affirm the order of dismissal.[1]

AFFIRMED.

EDWARDS, C.J., LAMBERT and JAY, JJ., concur.

---

[1] We take no position as to the merits of Trammell's habeas corpus petition. We take further note that Trammell represented in his instant petition filed below that he had previously filed the subject petition raising the same claims in the circuit court of the county (Pinellas) that rendered the judgment of conviction, which, under our decision in *Gisi*, was the proper court to consider the petition. Nevertheless, according to Trammell, the circuit court in Pinellas County dismissed his petition for lack of jurisdiction because Trammell was incarcerated in Volusia County. Trammell further advised that in his appeal of this order, the Second District Court of Appeal affirmed the dismissal order without opinion. *Trammell v. State*, 369 So. 3d 1155 (Fla. 2d DCA 2023).

We do not know what may have been argued by Trammell to our sister court in that appeal; nor, for that matter, do we know if the postconviction court in Pinellas County dismissed Trammell's petition on alternate or additional grounds upon which the Second District Court based its PCA. *See, e.g., Richardson v. State*, 918 So. 2d 999, 1003–04 (Fla. 5th DCA 2006) (holding that dismissal of a habeas corpus petition is the appropriate disposition when the petition seeks to obtain collateral relief regarding claims that could or should have been raised in the direct appeal of the judgment and sentence). Whether Trammell may now see himself in a proverbial "catch 22" dilemma, any further effort to challenge his conviction or sentence does not lie within the jurisdiction of our court, nor of the circuit courts located within our appellate jurisdiction.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____