ROTHENBERG, Judge.
The defendant, Gary Barnard, was convicted of aggravated battery as a lesser included offense of attempted first degree murder, and burglary with an assault, for which he was sentenced as an habitual offender. Since his convictions in 1996, he has filed the following: (1) a direct appeal, which was affirmed on May 20, 1998, and mandate issued on June 5, 1998, see Barnard v. State, 717 So.2d 1021 (Fla. 3d DCA 1998); (2) a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging various claims of ineffective assistance of trial counsel plus claimed errors at trial, which was denied on March 11, 1999, and affirmed by this court on June 30, 1999, see Barnard v. State, 740 So.2d 546 (Fla. 3d DCA 1999); (3) a petition for writ of habeas corpus, which was denied by this court on December 15, 1999, see Barnard v. Moore, 748 So.2d 278 (Fla. 3d DCA 1999); (4) a petition for federal writ of habeas corpus, which was denied on March 21, 2003; and (5) an appeal with the United States Court of Appeals, which was dismissed.
The instant appeal from the denial of a petition for writ of habeas corpus is Barnard’s sixth postconviction proceeding and, as such, is both untimely and procedurally barred. His allegations regarding the charging document and jury instructions are clearly collateral attacks that could have been raised on direct appeal or in a 3.850 postconviction relief motion. Habeas corpus may not be used to file successive 3.850 motions or to raise issues which would be untimely if considered as a motion for postconviction relief under rule 3.850. See Baker v. State, 878 So.2d 1236, 1245-46 (Fla.2004).
Affirmed.