988 So.2d 665 (2008)
David BRINSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2873.
District Court of Appeal of Florida, Third District.
July 23, 2008.
David Brinson, in proper person.
Bill McCollum, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.
Before CORTIÑAS, ROTHENBERG, and LAGOA, JJ.
LAGOA, J.
David Brinson ("Brinson") appeals a final order denying his petition for writ of habeas corpus. Because we find that the Eleventh Judicial Circuit lacked jurisdiction to consider the claim raised in Brinson's habeas petition, we affirm the denial without prejudice for Brinson to seek appropriate relief in the Sixth Judicial Circuit.
In 2001, Brinson was convicted of robbery and sentenced to thirty years as a violent career criminal offender in the Sixth Judicial Circuit, Pinellas County. He subsequently filed a petition for writ of habeas corpus in the Eleventh Judicial Circuit, Miami-Dade County, claiming an illegal sentence.[1] The circuit court denied the petition and this appeal ensued.
As this Court explained in Broom v. State, 907 So.2d 1261, 1262 (Fla. 3d DCA 2005):
The circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ of habeas corpus when the claims raised in the petition concern issues regarding his incarceration, but not when the claims *666 attack the validity of the judgment or sentence. Only the court in which the defendant was convicted and sentenced has jurisdiction to consider collateral attacks on a judgment or sentence, and such an attack must be brought pursuant to Rule 3.800 or 3.850, not by petition for writ of habeas corpus.
(citations omitted).
Because Brinson challenges his sentence and not the conditions of his imprisonment, we affirm the trial court's order without prejudice. Post-conviction challenges must be pursued in the circuit court where the conviction was obtained. Brinson may, therefore, challenge his conviction or sentence by filing a motion under Rule 3.800 or Rule 3.850, Florida Rules of Criminal Procedure, in the Sixth Judicial Circuit, where Brinson was convicted and sentenced. See Johnson v. State, 947 So.2d 1192 (Fla. 3d DCA 2007).
Affirmed without prejudice.
NOTES
[1] In his petition, Brinson argues that an alleged battery on a corrections officer is not a proper qualifying offense for sentencing as a violent career criminal.