990 So.2d 585 (2008)
Kormen BRANCH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1465.
District Court of Appeal of Florida, Third District.
August 6, 2008.
Kormen Branch, in proper person.
Bill McCollum, Attorney General, and Michael C. Greenberg, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., and COPE and LAGOA, JJ.
*586 LAGOA, J.
Kormen Branch ("Branch") appeals the trial court's dismissal of his petition for writ of habeas corpus. We affirm the trial court's order without prejudice for Branch to seek relief in the Seventeenth Judicial Circuit.
In 2004, Branch was convicted in the Seventeenth Judicial Circuit for delivery of cocaine and sentenced to forty-eight months in prison. On April 17, 2006, Branch filed a petition for writ of habeas corpus in the Eleventh Judicial Circuit. In his petition, Branch contends that his conviction and sentence are illegal because the Broward State Attorney's Office failed to properly invoke the trial court's subject matter jurisdiction. The trial court dismissed the petition because the relief Branch sought was a collateral attack on the judgment and conviction, and was, therefore, not properly raised in a habeas petition. This appeal ensued.
As this Court explained in Broom v. State, 907 So.2d 1261, 1262 (Fla. 3d DCA 2005):
The circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ of habeas corpus when the claims raised in the petition concern issues regarding his incarceration, but not when the claims attack the validity of the judgment or sentence. Only the court in which the defendant was convicted and sentenced has jurisdiction to consider collateral attacks on a judgment or sentence, and such an attack must be brought pursuant to Rule 3.800 or 3.850, not by petition for writ of habeas corpus.
(citations omitted).
Because Branch is challenging the nature of his conviction and sentence, and not the conditions of his imprisonment, we agree with the trial court that dismissal was warranted. The Seventeenth Judicial Circuit, where Branch was convicted and sentenced, is the appropriate court for Branch to seek relief. Postconviction challenges must be pursued in the court where the defendant was convicted and sentenced. See Johnson v. State, 947 So.2d 1192 (Fla. 3d DCA 2007).
Affirmed without prejudice.