WELLS, J.
 

 Anthony J. Stokes appeals a final order denying his petition for writ of habeas corpus. Because we find that the Eleventh Judicial Circuit lacked jurisdiction to consider the claim raised in Stokes’ habeas petition, we affirm the denial without prejudice for Stokes to seek appropriate relief in the Seventeenth Judicial Circuit.
 

 As this Court explained in
 
 Brinson v. State,
 
 988 So.2d 665, 665-66 (Fla. 3d DCA 2008) (quoting
 
 Broom v. State,
 
 907 So.2d 1261, 1262 (Fla. 3d DCA 2005)) (citations omitted):
 

 The circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ of habeas corpus when the claims raised in the petition concern issues regarding his incarceration, but not when the claims attack the validity of the judgment or sentence. Only the court in which the defendant was convicted and sentenced has jurisdiction to consider collateral attacks on a judgment or sentence, and such an attack must be brought pursuant to Rule 3.800 or 3.850, not by petition for writ of habeas corpus.
 

 Because Stokes challenges his conviction and not the conditions of his imprisonment, we affirm the trial court’s order without prejudice. “Post-conviction challenges must be pursued in the circuit court where the conviction was obtained.”
 
 Brinson,
 
 988 So.2d at 666. Any challenge by Stokes to his conviction or sentence pursu
 
 *426
 
 ant to Rule 3.800 or Rule 3.850, Florida Rules of Criminal Procedure, should be brought in the Seventeenth Judicial Circuit, where Stokes was convicted and sentenced.
 

 Affirmed without prejudice.