CLARK, J.
 

 Heldrado Zuluaga appeals the dismissal of his petition for writ of habeas corpus by the Third Judicial Circuit Court in Hamilton County. The appellant is serving a sentence imposed in 1994 by the Seventeenth Judicial Circuit in Broward County. His petition for writ of habeas corpus sought immediate release from Hamilton Correctional Institution, based upon his assertion that his sentence exceeds the legal maximum sentence. In its order, the trial court ruled that the petition raised a collateral attack on the sentence, that ha-beas corpus was not available as a substitute for postconviction proceedings, and that the attack on the sentence was cognizable only in a motion for postconviction relief in the sentencing court. The trial court dismissed the petition and indicated that Zuluaga was free to seek proper relief in the sentencing court. The order dismissing the petition was not erroneous and is affirmed.
 

 Clearly, habeas corpus was not the proper remedy for Appellant’s claim. The adoption of the rules of criminal procedure regarding post-conviction relief “completely superseded” the extraordinary remedy of the writ of habeas corpus to collaterally challenge the legality of a sentence.
 
 State v. Broom,
 
 523 So.2d 639, 641 (Fla. 2d DCA 1988);
 
 see also, Richardson v. State,
 
 918 So.2d 999 (Fla. 5th DCA 2006). “The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to rule 3.850.”
 
 Baker v. State,
 
 878 So.2d 1236, 1245 (Fla.2004). Appellant’s claim that his sentence exceeds the limits provided by law may be filed at any time, pursuant to rule 3.850(b) and 3.800(a), Florida Rules of Criminal Procedure, and “habeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief pursuant to the Florida Rules of Criminal Procedure.”
 
 Harris v. State,
 
 789 So.2d 1114, 1115 (Fla. 1st DCA 2001).
 

 The possibility that Appellant may have exhausted his remedies in the sentencing court — direct appeal, postconviction proceedings and appeals — is not a basis upon which Appellant could obtain the writ of habeas corpus from the circuit court in Hamilton County.
 
 [1]
 
 Habeas cor
 
 *677
 
 pus is not a vehicle for obtaining additional appeals of issues which were raised or should have been raised on direct appeal, or which could have been, should have been, or were raised in post-conviction proceedings.
 
 Breedlove v. Singletary,
 
 595 So.2d 8, 10 (Fla.1992);
 
 Mills v. Dugger,
 
 574 So.2d 68 (Fla.1990);
 
 Robbins v. State,
 
 564 So.2d 256 (Fla. 1st DCA 1990).
 

 The trial court did not err in failing to treat the petition for writ of habeas corpus as a postconviction motion to correct sentence. Generally, “[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.” Fla. R.App. P. 9.040(c) (applicable to circuit court in this case, Fla. R.App. P. 9.010 & 9.030(c)(1)(3)). However, the circuit court in Hamilton County lacked jurisdiction to do so because “a circuit court has no jurisdiction to review the legality of a conviction in another circuit and to order a new trial therefor.”
 
 State v. Broom,
 
 523 So.2d 639, 641 (Fla. 2d DCA 1988). A circuit court is generally “not empowered, through habeas corpus, to review the propriety, regularity or sufficiency of an order of a court over which no supervisory or appellate jurisdiction is had.”
 
 State ex rel. Renaldi v. Sandstrom,
 
 276 So.2d 109, 110 (Fla. 3d DCA 1973);
 
 Leichtman v. Singletary,
 
 674 So.2d 889, 891 (Fla. 4th DCA 1996). Accordingly, the trial court correctly refrained from treating the petition as if the proper remedy had been sought because it lacked jurisdiction to review the sentence entered by the Seventeenth Judicial Circuit Court.
 
 See,
 
 Fla. R.Crim. P. 3.800(a) (“A court may at any time correct an illegal sentence
 
 imposed by
 
 if.” (emphasis added));
 
 McLevy v. State,
 
 787 So.2d 194 (Fla. 1st DCA 2001)(affirming dismissal of petition for writ of habeas corpus challenging conviction and sentence, without prejudice to Appellant’s ability “to seek the proper remedy in the appropriate circuit court.”).
 

 Likewise, the trial court committed no error in dismissing rather than transferring the petition. Ordinarily, when an action is filed in the wrong court, the court should transfer the action to the proper court. Fla. R. Civ. P. 1.060 (“may be transferred”); Fla. R.App. P. 9.040(b)(1) (“court shall transfer”). But as explained by the Florida Supreme Court, dismissal, rather than transfer, of a petition for writ of habeas corpus is appropriate when the petitioner seeks “the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief that were known or should have been known at the time the first motion was filed.”
 
 Baker v. State,
 
 878 So.2d 1236, 1246 (Fla.2004);
 
 See also Richardson v. State,
 
 918 So.2d
 
 *678
 
 999 (Fla. 5th DCA 2006);
 
 Brown v. Crosby,
 
 908 So.2d 512 (Fla. 1st DCA 2005). While the relief sought by Appellant is not time-barred, at least one previous postcon-viction motion was filed in the sentencing court and Appellant does not assert that he is bringing new or different grounds for relief.
 

 The order dismissing the petition for writ of habeas corpus is AFFIRMED.
 

 HAWKES, C.J., and ROBERTS, J., concur.
 

 [1]
 

 . In his motion for rehearing in the trial court, Appellant asserted that he had already
 
 *677
 
 filed a motion to correct illegal sentence in the sentencing court and relief was denied. Apparently, Appellant has actively litigated his sentence in the Seventeenth Judicial Circuit and Fourth District Court of Appeals.
 
 See, Zuluaga v. State,
 
 (Case No. 4D98-2328, Fla. 4th DCA);
 
 Zuluaga v. State,
 
 793 So.2d 60 (Fla. 4th DCA 2001)
 
 rev. denied, State v. Zuluaga,
 
 817 So.2d 850 (Fla.2002);
 
 Zuluaga v. State,
 
 842 So.2d 127 (Fla. 4th DCA 2003);
 
 Zuluaga v. State,
 
 872 So.2d 914 (Fla. 4th DCA 2004);
 
 Zuluaga v. State,
 
 888 So.2d 650 (Fla. 4th DCA 2004)
 
 appeal dismissed, Zuluaga v. State,
 
 892 So.2d 1015 (Fla.2005);
 
 Zuluaga v. State,
 
 992 So.2d 270 (Fla. 4th DCA 2008),
 
 review dismissed, Zuluaga v. State,
 
 998 So.2d 1147 (Fla.2008).