THOMAS, J.
In his seventh appeal to this court stemming from his judgment and sentence, Appellant appeals an order dismissing his petition for writ of habeas corpus. For the reasons explained below, we affirm the trial court’s order.

Factual Background

After Appellant reached a plea agreement pursuant to which he would be sentenced to twenty-four months in prison followed by three years’ probation, the trial court set a sentencing date for March 26, 2001. That hearing was continued at Appellant’s request for medical reasons. A second hearing set for April 9, 2001, was also continued for medical reasons. The new hearing was to be held on April 23, 2001, but for reasons not clear from the record, it was rescheduled to April 30, 2001.
Appellant failed to appear at that hearing. Both the prosecutor and defense counsel informed the court that Appellant was notified of the hearing date, and the prosecutor informed the court that Appellant’s father gave him the notice when he received it in the mail and the father did not know where Appellant was. At the State’s request, the trial court issued a capias writ. On May 8, 2001, Appellant was adjudicated guilty and sentenced in *22 absentia. The trial court sentenced appellant to fifteen years in prison.
This court affirmed his judgment and sentence. See Farrell v. State, 829 So.2d 207 (Fla. 1st DCA 2002). Subsequently, over the next eight years Appellant unsuccessfully sought relief via postconviction motions filed pursuant to Florida Rules of Criminal Procedure 3.800 and 3.850, two petitions for writ of mandamus, and a petition for writ of habeas corpus. During that period he also filed five more appeals with this court, and two with the Florida Supreme Court. Appellant once again sought relief via a petition for writ of habeas corpus and, failing in that effort, now appeals to this court.

Analysis

Appellant’s most recent petition for writ of habeas corpus improperly challenges his sentence on various constitutional grounds. As explained in Baker v. State, 878 So.2d 1236, 1238-39 (Fla.2004):
The history of rule 3.850[] indicates that it was intended to provide a procedural mechanism for raising those collateral postconviction challenges to the legality of criminal judgments that were traditionally cognizable in petitions for writs of habeas corpus. Thus, this rule essentially transferred consideration of these traditional habeas claims from the court having territorial jurisdiction over the prison where the prisoner is detained to the jurisdiction of the sentencing court.
Under current law, habeas petitions are proper only to address issues regarding a defendant’s incarceration, not the sentence leading to the incarceration. See Broom v. State, 907 So.2d 1261, 1262 (Fla. 3d DCA 2005) (holding circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ of habeas corpus when the claims raised in the petition concern issues regarding his incarceration, but not when the claims attack the validity of the judgment or sentence).
Furthermore, as this court held in Zuluaga v. State, Department of Corrections, 32 So.3d 674, 676-77 (Fla. 1st DCA 2010):
The possibility that Appellant may have exhausted his remedies in the sentencing court — direct appeal, postconviction proceedings and appeals — is not a basis upon which Appellant could obtain the writ of habeas corpus from the circuit court in Hamilton County. Habeas corpus is not a vehicle for obtaining additional appeals of issues which were raised or should have been raised on direct appeal, or which could have been, should have been, or were raised in post-conviction proceedings.
(Footnote omitted.)
Appellant has exhausted his remedies, including direct appeal and postcon-viction proceedings under rules 3.800 and 3.850, Florida Rules of Criminal Procedure. Any attempts to continue seeking redress pursuant to the latter are now barred, because it has been more than two years since Appellant’s judgment and sentence became final. See Fla. R.Crim. P. 3.850(b) (providing that no “motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence became final.”). Thus, because a petition for habeas corpus is an improper method by which to collaterally attack a judgment and sentence, and because Appellant’s other remedies have been exhausted or are time-barred, the trial court properly dismissed Appellant’s petition. Appellant’s only remaining remedy is to seek clemency from the executive branch.
With the exception of Appellant’s appeals from his judgment and sentence *23 and the denial of his motions filed pursuant to rules 3.800 and 3.850, his continuous filing of petitions for various writs (all of which were nothing more than impermissible collateral attacks on his sentence) and his nearly annual appeals constitute a clear abuse of judicial process. Consequently, pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), we are also issuing an order to show cause as to why Appellant should not be denied further pro se access to this court.

Conclusion

For the foregoing reasons, the trial court’s order dismissing Appellant’s petition for writ of habeas corpus is AFFIRMED.
DAVIS, J., concurs.
BENTON, C.J., concurs in result.