PER CURIAM.
This is an appeal from a nonfinal order that treated appellant’s habeas corpus petition as a mandamus petition challenging prison disciplinary proceedings and transferred the case to the circuit court for Leon County, the location of appellee’s *726 headquarters. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A). Because we conclude appellant’s habeas corpus petition was properly filed in the circuit court for Santa Rosa County, where appellant is incarcerated, we reverse and remand with directions that the trial court rule on the claims in the petition.
While an inmate at Okaloosa Correctional Institution, appellant received a disciplinary report for “inciting riots” and was found guilty by the disciplinary team. Thereafter, in a separate proceeding, appellant was placed in close management as a result of his “instigation or incitement of a riot or disorder” and transferred to Santa Rosa Correctional Institution. After exhausting his administrative remedies, appellant filed a petition for writ of mandamus in the circuit court for Leon County, challenging both the disciplinary proceeding and his placement in close management. The circuit court dismissed the petition challenging the disciplinary proceeding because it was not filed within the thirty-day limitations period of section 95.11(8), Florida Statutes, and noted appellant’s challenge to his placement in close management had to be raised in a habeas corpus petition in the county where appellant was incarcerated. Magwood v. Dep’t of Corr., No.2011-CA-1651 (Fla.2d Cir.Ct. Oct. 6, 2011).
Appellant then filed a petition for writ of habeas corpus in the circuit court for Santa Rosa County, seeking release from close management on the grounds he was illegally placed on close management status due to an invalid disciplinary report and his placement in close management violated the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Concluding appellant was challenging the disciplinary report rather than the close management proceeding, the circuit court treated the habeas corpus petition as a petition for writ of mandamus challenging disciplinary proceedings and transferred the case to the circuit court for Leon County. It is apparent the court was unaware of the Leon County circuit court’s prior order. This appeal follows.
“This Court has consistently held that an inmate who seeks release from close management back into the general prison population is entitled to proceed through a petition for writ of habeas corpus.” Kendrick v. McNeil, 6 So.3d 657, 658 (Fla. 1st DCA 2009). The proper circuit court venue for such a petition is in the county where the inmate is incarcerated. Harvard v. Singletary, 733 So.2d 1020, 1024 n. 4 (Fla.1999). Because appellant clearly sought release from close management back into the general prison population, he properly filed a petition for writ of habeas corpus in the circuit court for Santa Rosa County, where he was incarcerated. However, it does not follow that appellant could seek release from close management by attempting to collaterally attack his disciplinary report given the Leon County circuit court’s prior ruling that appellant’s challenge to the disciplinary proceeding was time-barred under section 95.11(8). Because there is no reason to transfer the case back to Leon County, the court should address appellant’s claims on their merits or lack thereof. Accordingly, we reverse the trial court’s transfer order and remand with directions that the court rule on the claims in appellant’s petition.
REVERSED and REMANDED.
ROBERTS, WETHERELL, and SWANSON, JJ., concur.