PER CURIAM.
Josef Williams seeks a writ of prohibition preventing the circuit court in the county in which he is confined from transferring his petition for writ of habeas corpus to his sentencing court. The habeas petition Williams intends to file will argue that his judgment and sentence is void because the sentencing judge did not take the required oath of office. We deny relief, concluding that petitioner has failed to establish that the transfer of his petition would amount to an act outside of or in excess of the circuit court’s jurisdiction, so as to warrant prohibition relief. See English v. McCrary, 348 So.2d 293, 296 (Fla. 1977) (prohibition may only be granted when it is shown that the lower court is without jurisdiction or attempting to act in excess of its jurisdiction).
The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to Florida Rule of Criminal Procedure 3.850. See Baker v. State, 878 So.2d 1236 (Fla. 2004). Under current law, habeas petitions are proper only to address issues regarding a defendant’s incarceration, not the sentence leading to the incarceration. See Farrell v. State, 62 So.3d 20 (Fla. 1st DCA 2011). Petitioner’s habeas claim is clearly a matter cognizable by motion for postconviction relief, and the remedy of habeas corpus is .therefore unavailable to him. If petitioner is procedurally barred from seeking relief in his sentencing court, dismissal of his petition rather than its transfer may in fact be the appropriate outcome. See Zuluaga v. State, Department of Corrections, 32 So.3d 674 (Fla. 1st DCA 2010). Either disposition, however, would clearly not amount to an act outside of or in excess of the jurisdiction of the circuit court. Williams has therefore failed to state a basis for prohibition relief.
PETITION FOR WRIT OF PROHIBITION DENIED.
LEWIS, THOMAS, and MAKAR, JJ., concur.