LAGOA, J.
Paul A. Small (“Small”) appeals a final order dismissing his petition for writ of habeas corpus. Because we find that the Eleventh Judicial Circuit lacked jurisdiction to consider the claim raised in Small’s habeas petition, we affirm the dismissal without prejudice for Small to seek appropriate relief in the Fifteenth Judicial Circuit.
“The circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ of habeas corpus when the claims raised in the petition concern issues regarding his incarceration, but not when the claims attack the validity of the judgment or sentence. Only the court in which the defendant was convicted and sentenced has jurisdiction to consider collateral attacks on a judgment or sentence, and such an attack must be brought pursuant to Rule 3.800 or 3.850, not by petition for writ of habeas corpus.” Brinson v. State, 988 So.2d 665, 665-66 *1124 (Fla. 3d DCA 2008) (quoting Broom v. State, 907 So.2d 1261, 1262 (Fla. 3d DCA 2005) (citations omitted)).
Because Small challenges his sentence and not the conditions of his imprisonment, we affirm the trial court’s order without prejudice. Post-conviction challenges must be pursued in the circuit court where the conviction was obtained. Small may, therefore, challenge his conviction or sentence by filing a motion under Rule 3.800 or Rule 3.850, Florida Rules of Criminal Procedure, in the Fifteenth Judicial Circuit, where Small was convicted and sentenced.
Affirmed without prejudice.