ROTHENBERG, J.
George Lyons (“Lyons”) petitions this Court for habeas corpus relief, alleging that the trial court erred by denying his petition wherein he alleged that the trial court illegally amended his sentence in November 1992, four, months after the judgment and sentence had originally been filed. Because Lyon’s petition seeks review of the trial court’s order denying him relief, we treat his petition before this *561 Court as a timely filed appeal of the trial court’s order, and we affirm.
Lyons is an inmate currently serving the sentences imposed by the Monroe County Circuit Court on July 31, 1992, in case number 91-1983. The July 31, 1992, judgments and sentences reflect that Lyons was convicted after a jury trial for the crimes of robbery with a deadly weapon in counts I and II, and conspiracy to commit robbery with a deadly weapon in count Y. He was sentenced to concurrent thirty-year prison sentences as a habitual offender for counts I and II and to a consecutive two-year prison term as a habitual offender for count V. On July 20,1993, this Court affirmed both the convictions and the sentences imposed.
Subsequent to his direct appeal, Lyons filed several motions, including at least two motions to mitigate or to reduce his sentence, at least two rule 3.850 motions, and several motions to correct an illegal sentence pursuant to rule 3.800. In the motions filed pursuant to rule 3.800, Lyons asserted various grounds attacking the legality of the habitual sentences imposed on all three counts and the consecutive sentence imposed in count V.
In his current petition for habeas corpus relief, Lyons again attacks the habitualization of his sentences, but on new grounds, and raises a new claim wherein he alleges the trial court failed to award him credit for time served for count V. Essentially, Lyons now claims that the trial court illegally and without his knowledge amended the judgment and sentences in this case in November 1992, four months after the original judgment and sentences were entered and filed, adding the habitual offender designation and deleting the credit for time served originally awarded him for count V.
Lyons filed his habeas corpus petition in Okaloosa County seeking immediate release. Because the Okaloosa County Circuit Court correctly concluded that Lyons’ petition was an attack upon his sentence rather than his incarceration, it transferred the petition to Monroe County where the judgment and sentences had been imposed. The Monroe County Circuit Court denied Lyons’ petition on December 2, 2014, without explanation. We therefore address the Monroe County Circuit Court’s ruling on each issue raised in Lyons’ petition.
Lyons correctly notes that the trial court sentenced him in this case on July 31, 1992, and Lyons’ judgment and sentences were filed on or about that date. Lyons contends that on November 5, 1992, the trial court filed an amended judgment altering the sentences imposed by adding the habitual offender designations and omitting credit for time served on count V. The defendant is partially correct and partially incorrect. Although it appears that an amended judgment was filed, it was not filed on November 5, 1992, but on October 27, 1992. Additionally, the original judgment clearly reflects that Lyons was sentenced as a habitual offender for each count and that the July 31, 1992, judgment mirrored the oral pronouncement at the time the sentences were imposed. Thus, the trial court correctly denied Lyons’ petition regarding Lyons’ habitual offender sentences.
Lyons is correct regarding the trial court’s omission of the award of credit for time served on count V on the amended judgment because the original judgment and sentence filed on July 31, 1992, awarded credit for time served for that count, as well as counts I and II. However, the sentence for count V was ordered to run consecutive to the sentences imposed for counts I and II, and thus, it appears that the original judgment incorrectly awarded *562 credit for time served on count V, and the amended judgment corrected that error.
Because Lyons attacks the legality of the trial court’s action amending the judgment to delete the award for credit time served on count V, we agree that the trial court also properly denied Lyons’ habeas corpus petition on that ground because habeas corpus is not the proper vehicle to attack the legality of the amended judgment. Baker v. State, 878 So.2d 1236, 1241-42 (Fla.2004); Branch v. State, 990 So.2d 585, 586 (Fla. 3d DCA 2008). We therefore affirm the trial court’s order denying Lyons’ habeas corpus petition without prejudice to Lyons to file a motion to correct an illegal sentence pursuant to rule 3.801 as to that claim. We express no opinion as to the timeliness or the merits of the defendant’s claim that he is entitled to correction of his sentence on count V to reflect credit for time served as to that count. We also caution Lyons that, because this Court has ruled on the merits of his current challenge to the habitual offender reclassification of his sentences, collateral estoppel bars relitigation of that issue on the grounds raised herein in any subsequently filed rule 3.800 motion to correct an illegal sentence. State v. McBride, 848 So.2d 287, 290-91 (Fla.2003) (holding that although res judicata does not prevent a defendant from filing successive 3.800 motions raising new issues, collateral es-toppel prevents a defendant from relitigat-ing issues previously presented and decided).
Affirmed.