# Third District Court of Appeal

## State of Florida

Opinion filed April 22, 2015.
Not final until disposition of any further motion for rehearing and/or motion for rehearing en banc. Any previously filed motion for rehearing en banc is deemed moot.

_____

No. 3D14-1110
Lower Tribunal No. 13-1330-K
_____

**Jerry Thomas Baker,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Wayne M. Miller, Judge.

Jerry Thomas Baker, in proper person.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA and SCALES, JJ.

**ON MOTION FOR REHEARING**

SCALES, J.

Upon consideration of Appellant's motion for rehearing, the court withdraws its opinion of December 31, 2014, replacing it with the opinion which follows. We deny rehearing and certification in all other respects.

Jerry Thomas Baker (Baker), appeals from an order of the Monroe County Circuit Court that transferred his petition for writ of habeas corpus to the Leon County Circuit Court. We vacate the order transferring venue and remand to the Monroe County Circuit Court for further proceedings.

## I. Background

In 1995, Baker was charged in Monroe County with, *inter alia*, armed robbery. After a jury trial, in 1996, Baker was found guilty and sentenced to life in prison. At all times pertinent to this appeal, Baker has been incarcerated at the Apalachee Correctional Institution East located in Jackson County.

Since his conviction, Baker has filed a direct appeal of his conviction and a multitude of post-conviction motions and habeas petitions—all of which were affirmed, denied, or dismissed without published opinion.[1]

[1] See Baker v. State, 705 So. 2d 14 (Fla. 3d DCA 1998) (Table); Baker v. Singletary, 728 So. 2d 228 (Fla. 3d DCA 1999) (Table); Baker v. Singletary, 729 So. 2d 389 (Fla. 1999) (Table); Baker v. State, 766 So. 2d 1053 (Fla. 3d DCA 2000) (Table); Baker v. State, 812 So. 2d 418 (Fla. 3d DCA 2002) (Table); Baker v. State, 814 So. 2d 1049 (Fla. 3d DCA 2002) (Table); Baker v. State, 816 So. 2d 627 (Fla. 3d DCA 2002) (Table); Baker v. State, 845 So. 2d 201 (Fla. 3d DCA 2003) (Table); Baker v. State, 896 So. 2d 762 (Fla. 3d DCA 2005) (Table); Baker v. State, 95 So. 3d 234 (Fla. 3d DCA 2012) (Table).

On December 11, 2013—more than fifteen years after a mandate was issued upon Baker's unsuccessful direct appeal—Baker filed a petition for writ of habeas corpus in the Monroe County Circuit Court challenging the charging document associated with his 1996 conviction. There is no allegation of newly discovered evidence in the petition.

Without ruling on the merits of Baker's petition, on January 24, 2014, the Monroe County Circuit Court transferred Baker's petition to the Second Judicial Circuit in Leon County.[2]

The Leon County Circuit Court reviewed Baker's petition, determined that Baker was actually attempting to collaterally attack the underlying conviction, and, on February 11, 2014, dismissed Baker's petition. In its order of dismissal, the Leon County Circuit Court determined that it lacked jurisdiction to adjudicate Baker's claims seeking post-conviction relief.

Baker then filed the instant appeal seeking review of the Monroe County Circuit Court's January 24, 2014 order transferring venue. Baker argues that the Monroe County Circuit Court has jurisdiction over his habeas petition.

---

[2] The cases cited in support of the order transferring venue are distinguishable from the instant case. In those cases, prisoners sought mandamus relief against the Department of Corrections (DOC), and the courts determined that the proper venue was Leon County, where the DOC has its headquarters. See Stovall v. Cooper, 860 So. 2d 5 (Fla. 2d DCA 2003); Barber v. State, 661 So. 2d 355 (Fla. 3d DCA 1995). Both parties in the instant case believe Baker's petition was transferred under the Monroe County Circuit Court's mistaken belief that Baker was incarcerated in Leon County.

**II. Analysis**

Baker is correct. The Monroe County Circuit Court, the court of conviction, has jurisdiction over Baker's habeas petition because the petition challenges the sufficiency of the charging document which amounts to a collateral attack on Baker's 1996 conviction. See Richardson v. State, 918 So. 2d 999, 1001 (Fla. 5th DCA 2006) ("[T]he general rule [is] that a petition for writ of habeas corpus should be filed in the circuit court where the defendant is detained . . . . But there is an exception . . . '[w]hen a petitioner attacks the validity of the conviction . . . jurisdiction in habeas proceedings lies with the trial court that imposed the sentence and rendered the judgment of conviction.'") (citation omitted).

Accordingly, we vacate the trial court's January 24, 2014 order transferring venue, and remand to the Monroe County Circuit Court for further proceedings.

Reversed and remanded.