BILBREY, J.
Keith Shanklin appeals the order of the circuit court, First Judicial Circuit in and for Santa Rosa County, which transferred his petition for writ of habeas corpus to the sentencing court, the circuit court, First Judicial Circuit, in and for Okaloosa County. Mr. Shanklin is currently detained by the Florida Department of Corrections, under judgments and sentences entered by the circuit court in Okaloosa County. He is housed at Santa Rosa Correctional Institution in Santa Rosa County.
Mr. Shanklin argues on appeal that his petition for writ of habeas corpus was properly filed in the county in which he is detained, pursuant to section 79.09, Florida Statutes. He further asserts that the writ of habeas corpus is the proper remedy under section 907.045, Florida Statutes, because he challenges the validity of the probable cause affidavit supporting the charging Information, and that the circuit court in Santa Rosa County erred in treating his petition as a motion for post-conviction relief cognizable only by the sentencing court.
Chapter 907 addresses pre-trial detention and release. Section 907.045 provides the writ of habeas corpus as a pre-trial remedy for a challenge to the indictment, information, or affidavit upon which a defendant is in custody and upon which “he or she can be tried,” not upon which he or she has already been tried and sentenced. In addition, rule 3.190, Florida Rules of Criminal Procedure addresses challenges to the indictment or information, and requires that such challenges be filed “either before or at arraignment,” with listed exceptions for certain fundamental grounds not applicable here. See Fla. R. Crim. P. 3.190(c)(l)-(4). Mr. Shanklin’s sentences were entered in April 2006, and so his case *622 is well beyond arraignment and other pretrial stages of the litigation.
Not only does section 907.045 fail to provide a post-conviction remedy for the writ of habeas corpus in this situation, but rule 3.850(m), Florida Rules of Criminal Procedure specifically limits applications for the writ of habeas corpus to those cases where “the remedy by motion [under rule 3.850] is inadequate or ineffective to test the legality of the applicant’s detention.” There is no indication in either the petition filed in the circuit court, or the circuit court’s order, that rule 3.850 fails to provide an adequate or effective vehicle for Mr. Shanklin to collaterally attack his judgment and sentence. The fact that Mr. Shanklin’s post-conviction claims might be successive or time-barred does not entitle him to an additional remedy via the writ of habeas corpus. See Zuluaga v. State, Dep’t of Corrs., 32 So.3d 674 (Fla. 1st DCA 2010).
For all the forgoing reasons, the order transferring the petition for writ of habeas corpus to the sentencing court is AFFIRMED.
ROWE and SWANSON, JJ., concur.