IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSE A. TORRES SR.,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1602

_____/

Opinion filed January 23, 2017.

An appeal from the Circuit Court for Wakulla County.
Dawn Caloca-Johnson, Judge.

Jose A. Torres Sr., pro se, Appellant.

Pamela Jo Bondi, Attorney General, Julian E. Markham, Assistant Attorney General,
for Appellee.

PER CURIAM.

    Appellant, Jose A. Torres, Sr., appeals an order transferring his petition for

writ of habeas corpus from the Second Judicial Circuit to the Sixth Judicial Circuit.

The trial court properly determined that it lacked jurisdiction to consider Appellant's petition wherein he challenged the sufficiency of the charging instrument that was filed in his case. See Baker v. State, 164 So. 3d 38, 39 (Fla. 3d DCA 2015) ("[T]he court of conviction has jurisdiction over Baker's habeas petition because the petition challenges the sufficiency of the charging document which amounts to a collateral attack on Baker's 1996 conviction."); Stokes v. State, 3 So. 3d 425, 425 (Fla. 3d DCA 2009) (noting that a circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ of habeas corpus when the claims raised in the petition concern issues regarding his incarceration but not when the claims attack the validity of the judgment and sentence); see also Price v. State, 995 So. 2d 401, 404 (Fla. 2008) (noting that generally the test for granting relief based on a defect in the information is actual prejudice to the fairness *of the trial* (emphasis added)). On appeal, the State argues that although transfer was appropriate, the trial court should have transferred the case to the Twelfth Judicial Circuit given that Appellant's judgment was entered there. While the State is correct, it included within its appendix an Order Transferring Jurisdiction that was entered by the Sixth Judicial Circuit and that transferred Appellant's petition to the Twelfth Judicial Circuit. As such, we decline the State's request to order the transfer of Appellant's petition to that circuit.

AFFIRMED.

LEWIS, BILBREY, and WINOKUR, JJ., CONCUR.