FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-1603
_____

JAMES WELCH,

    Appellant,

    v.

STATE OF FLORIDA; JULIE L.
JONES, Secretary, Department of
Corrections,

    Appellees.

_____

On appeal from the Circuit Court for Santa Rosa County.
John F. Simon, Jr., Judge.

February 20, 2018

B.L. THOMAS, C.J.

Appellant challenges the trial court's order transferring his petition for writ of habeas corpus to the sentencing court, because the petition challenges Appellant's judgment and/or sentence. Because Appellant's petition is a time-barred collateral attack on his sentence, we reverse the trial court's order and remand with instructions to dismiss.

In his petition for writ of habeas corpus, all of Appellant's claims for relief were based on violations of his constitutional due process rights, and he summarized his petition by stating he was "denied his 5th, 6th, and 14th Amendment rights to due process

of law and hearing before an impartial jury or fact finder." Such claims must be made by motion pursuant to Florida Rule of Criminal Procedure 3.850.

"The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to rule 3.850." *Baker v. State*, 878 So. 3d 1236, 1245 (Fla. 2004). Dismissal of a petition for writ of habeas corpus, rather than transfer, is appropriate when the petitioner seeks "the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850 . . . ." *Zuluaga v. State, Fla. Dep't of Corr.*, 32 So. 3d 674, 677 (Fla. 1st DCA 2010) (quoting *Baker*, 878 So. 2d at 1246). Appellant's sentence became final on December 9, 2010, and he filed his petition on March 7, 2017, long after the two-year window under rule 3.850 had closed. We therefore reverse the trial court's order and remand with instructions to dismiss Appellant's petition.

REVERSED and REMANDED.

WOLF and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

James Welch, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Barbara Debelius Assistant Attorney General, Tallahassee; Kenneth S. Steely, General Counsel, Department of Corrections, Tallahassee, for Appellees.