# Third District Court of Appeal

## State of Florida

Opinion filed November 14, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-693
Lower Tribunal No. 17-23708
_____


**Chyvas Ariel Peoples,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Chyvas Ariel Peoples, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before SUAREZ, EMAS and FERNANDEZ, JJ.

PER CURIAM.

Chyvas Peoples appeals from the lower court's order denying his petition for writ of habeas corpus. We need not detail the allegations of the petition, other than to note that the record below establishes that Peoples' current incarceration stems from his 2008 trial, conviction and sentence in the Thirteenth Judicial Circuit, (Hillsborough County) for the crime of manslaughter.

Peoples is currently imprisoned in Miami-Dade County, and filed a petition for writ of habeas corpus in the Circuit Court of the Eleventh Judicial Circuit, raising a number of claims related to his underlying conviction and sentence. As the order on review correctly reflects, the lower court lacked jurisdiction to consider the petition in light of the fact that the petition was a collateral attack on a judgment and sentence issued in the circuit court of Hillsborough County, rather than an attack on the legality of Peoples' continued detention in Miami-Dade County:

> This petition does not test the legality of his detention; it tests the validity of his conviction. Defendant argues that he was immune to prosecution under Florida's Stand Your Ground Law. "When a petitioner attacks the validity of the conviction by raising issues relating to the trial or to the propriety of a plea, jurisdiction in habeas proceedings lies with the trial court that imposed the sentence and rendered the judgment of conviction." Collins v. State, 859 So. 2d 1244 (Fla. 5th DCA 2003).

Nevertheless, the lower court's order further determined that the petition was successive and untimely, and that Peoples' filing of the petition constituted an

abuse of the writ. On this basis, the court below denied the petition, rather than transferring it to the proper jurisdiction. In this respect, the lower court's order was erroneous.[1] Once the lower court determined (correctly) that the petition was a collateral attack on a judgment and sentence imposed by the circuit court in Hillsborough County, it was without jurisdiction to address the merits of the petition, and should have dismissed the petition without prejudice to refiling it in the court having jurisdiction, or transferred the petition to that court. See Dorn v. State, 156 So. 3d 562 (Fla. 3d DCA 2015). As this court observed in Broom v. State, 907 So. 2d 1261, 1262 (Fla. 3d DCA 2005):

> The circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ of habeas corpus when the claims raised in the petition concern issues regarding his incarceration, but not when the claims attack the validity of the judgment or sentence. Murray v. Regier, 872 So. 2d 217, 223-24 (Fla. 2002)(because petition for writ of habeas corpus raised issues regarding petitioner's detention, the proper court to rule on the petition was the court where petitioner was being detained); Calloway v. State, 699 So. 2d 849 (Fla. 3d DCA 1997)(explaining that a circuit court has no jurisdiction to review the legality of a conviction in another circuit); Leichtman v. Singletary, 674 So. 2d 889 (Fla. 4th DCA 1996)(holding that a court from one county does not have jurisdiction to hear a petition collaterally attacking a judgment and sentence from another county.) Only the court in which the defendant was convicted and sentenced has jurisdiction to consider collateral attacks on a judgment or sentence, and such an attack must be brought pursuant to Rule 3.800 or 3.850, not by petition for writ of habeas corpus. See

---

[1] We do not address whether the trial court's determinations of successiveness, untimeliness, and abuse of the writ were correct; we merely hold that the trial court was without jurisdiction to reach these issues.

3

Baker v. State, 878 So. 2d 1236 (Fla. 2004); Borinstein v. State, 893 So. 2d 687, 688 (Fla. 5th DCA 2005).

We therefore reverse the order denying the petition for writ of habeas corpus and remand with directions to transfer the petition to the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida.