# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D18-3695

————————————————

CARLOS M. MAXWELL,

    Appellant,

    v.

MARK S. INCH, Secretary,
Florida Department of
Corrections,

    Appellee.

————————————————

On appeal from the Circuit Court for Wakulla County.
John C. Cooper, Judge.

August 9, 2019

PER CURIAM.

Appellant appeals the dismissal of his petition for writ of habeas corpus on multiple grounds. Finding no merit in his claims, we affirm.

A petition for habeas corpus is intended to address issues regarding a defendant's incarceration. *Farrell v. State*, 62 So. 3d 20, 22 (Fla. 1st DCA 2011). It may not be used to collaterally attack a judgment and sentence. *See Baker v. State*, 878 So. 2d 1236, 1245 (Fla. 2004). Habeas corpus is not a vehicle for obtaining review of issues which were raised, could have been raised, or should have been raised on direct appeal or in post-conviction

proceedings. *See Zuluaga v. Dep't of Corrs.*, 32 So. 3d 674, 676-77 (Fla. 1st DCA 2010).

Here, Appellant challenges the validity and sufficiency of the evidence, the authority of the court to impose the judgment and sentence, and the constitutionality of his conviction. These claims should or could have been raised on direct appeal, or in a rule 3.850 motion for post-conviction relief. Therefore, a petition for writ of habeas corpus was an improper method for requesting relief. Even if the claims raised in the petition were treated as filed properly in a post-conviction motion, the claims would be time-barred under Florida Rule of Criminal Procedure 3.850.

AFFIRMED.

MAKAR, WINOKUR, and M.K. THOMAS, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

Carlos M. Maxwell, pro se, Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

2