NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SHIRD T. MYRICK,                          )
                                          )
                Petitioner,               )
                                          )
v.                                        )        Case No. 2D20-1772
                                          )
MARK S. INCH, Secretary, Department       )
of Corrections,                           )
                                          )
                Respondent.               )
_____ )

Opinion filed September 9, 2020.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for DeSoto County;
Don T. Hall, Judge.

Shird T. Myrick, pro se.

No appearance for Respondent.


LUCAS, Judge.

        Shird Myrick filed a petition for a writ of habeas corpus in the DeSoto

County Circuit Court where he is serving a prison sentence for grand theft.  The circuit

court did not rule on the merits of his petition but instead converted the petition to a

Florida Rule of Criminal Procedure 3.850 motion and then transferred the case to the

Circuit Court of Dade County, where Mr. Myrick was originally sentenced.  Mr. Myrick

challenges the DeSoto Circuit Court's ruling. For the reasons explained below, we summarily affirm the circuit court's order.

First, a preliminary issue: how should we characterize Mr. Myrick's filing before us? He is (somewhat understandably) unsure, having titled his filing a "petition for writ of certiorari, or alternatively notice of appeal." Mr. Myrick's arguments encompass two aspects of the circuit court's ruling, the conversion of his habeas petition to a collateral proceeding and the transfer of the case to another county. Because of the second aspect, we will treat what he has filed as an appeal. We do so because in our view, an order to transfer a habeas petition to another county necessarily implicates venue, which is subject to our review under Florida Rule of Appellate Procedure 9.130(a)(3)(A).

In so holding, we acknowledge that the District Courts of Appeal have not yet reached a consensus on how appellate courts ought to consider the discrete issue of transferring a habeas petition from one county to another. See, e.g., Torres v. State, 208 So. 3d 831, 831-32 (Fla. 1st DCA 2017) (reviewing transfer order without stating a basis for jurisdiction); Baker v. State, 164 So. 3d 38, 38-39 (Fla. 3d DCA 2015) (reviewing transfer order as a nonfinal, appealable order concerning venue); Harris v. State, 133 So. 3d 1169, 1170-71 (Fla. 3d DCA 2014) (reviewing transfer order as a nonfinal, appealable order regarding venue); Williams v. Crews, 111 So. 3d 301, 302 (Fla. 1st DCA 2013) (reviewing transfer order through a petition for writ of prohibition); Magwood v. Tucker, 98 So. 3d 725, 725 (Fla. 1st DCA 2012) (reviewing transfer order as a nonfinal, appealable order concerning venue); Jean-Simon v. State, 5 So. 3d 682, 682 (Fla. 3d DCA 2009) (reviewing transfer order through a petition for writ of habeas

- 2 -

corpus); Franklin v. Kearney, 814 So. 2d 462, 462 (Fla. 4th DCA 2001) (reviewing transfer order through a petition for writ of mandamus). We think the Third District's conclusion—that such rulings can be reviewed as nonfinal, appealable venue orders under rule 9.130(a)(3)(A)—is both congruous with rule 9.130(a)(3)(A) and preferable to navigating the jurisprudential shoals that extraordinary writs sometimes hold when they are used as a means to obtain review.[1]

We also find support for this conclusion in Bush v. State, 945 So. 2d 1207 (Fla. 2006), where the Florida Supreme Court held that a challenge to a circuit court's transfer of a prisoner's mandamus petition to another county was, in essence, a challenge to venue. Id. at 1211. The Bush court explained that "[v]enue is one thing; jurisdiction is another," id. (quoting Williams v. Ferrentino, 199 So. 2d 504, 510 (Fla. 2d DCA 1967)), but since all circuit courts have jurisdiction to issue writs of mandamus, "the question here is where in the state a party should be held to answer such a petition, which is a question of venue," id.

So, too, here, we have a petition for an extraordinary writ that all circuit courts are empowered to issue. See Art. V, § 5(b), Fla. Const. So, too, here, an issue has been raised over which county's circuit court should consider this case.[2] In light of

---

[1]Cf. State Farm Fla. Ins. Co. v. Seville Place Condo. Ass'n, 74 So. 3d 105, 111 (Fla. 3d DCA 2011) (Shepherd, J., concurring) ("If we wish to have a rightful claim to require members of the Bar to be judicious and disciplined when deciding whether to petition this court for the extraordinary relief represented by an original writ, such as a petition for certiorari, we must be equally vigilant in disciplining ourselves so as not to contribute to the confusion that so often surrounds its use." (footnote omitted)).

[2]Florida Rule of Civil Procedure 1.630 and chapter 79 of the Florida Statutes govern the procedure for habeas petitions. See Bard v. Wolson, 687 So. 2d 254, 254 (Fla. 1st DCA 1997) ("Florida Rule of Civil Procedure 1.630 and Chapter 79, Florida Statutes, specify the procedure to be followed in habeas corpus proceedings

<u>Bush</u>, we see no reason to characterize Mr. Myrick's argument against the transfer of what he filed (as a habeas petition) within yet another extraordinary writ proceeding (a certiorari petition) when this issue seems to fall squarely within rule 9.130(a)(3)(A). Therefore, we will review what he has brought before us as an appealable, nonfinal order on venue and turn to the merits of his argument.

In his original habeas petition, Mr. Myrick raised various issues with the indictment that preceded his prosecution. The circuit court's conclusion that Mr. Myrick's petition should be transferred to Dade County stemmed from its determination that

> [s]uch claims cannot be addressed by this [c]ourt in a habeas petition, but instead must be addressed in the relevant criminal court by way of a postconviction motion. The preferred procedure when an inmate has sought the wrong remedy in the wrong court is to rename the petition and transfer the case to the correct court.

The circuit court was correct in its analysis of Mr. Myrick's claim, <u>see</u> <u>Barnard v. State</u>, 949 So. 2d 250, 251 (Fla. 3d DCA 2007) (holding that a challenge to a charging document raised in a habeas petition should have been raised on direct appeal or in a postconviction motion), and so its order transferring Mr. Myrick's petition to Dade

---

before the trial court."). Section 79.09, Florida Statutes (2019), provides that "[b]efore a circuit judge the petition [for writ of habeas corpus] and the papers shall be filed with the clerk of the circuit court of the county in which the prisoner is detained." Although section 79.09 does not call itself a "venue statute," at its core, that is what this section is. <u>Cf.</u> <u>Baggett v. Wainwright</u>, 229 So. 2d 239, 243 (Fla. 1969) ("F.S. Section 79.09, F.S.A., imposes the venue requirement that in cases before a circuit judge the application for the writ shall be filed with the circuit court of the county in which the prisoner is detained."); <u>Clough v. State</u>, 136 So. 3d 680, 682 (Fla. 2d DCA 2014) ("The proper venue for these petitions is 'the circuit court of the county in which the prisoner is detained' " (quoting § 79.09, Fla. Stat. (2009))); <u>State ex rel. Wainwright v. Holley</u>, 234 So. 2d 409, 410 (Fla. 2d DCA 1970) ("Fla. Stat. 1967, s 79.09, F.S.A., clearly imposed the venue requirement that in cases before a circuit judge, the application for a writ must be filed with the circuit court of the county in which the prisoner is detained.").

County was proper, see Clough v. State, 136 So. 3d 680, 682 (Fla. 2d DCA 2014) ("[W]hen a petitioner improperly seeks relief under section 79.01, the postconviction court may convert the [habeas] petition to a rule 3.850 motion, absent a procedural bar."); Davis v. State, 26 So. 3d 647, 650 (Fla. 2d DCA 2010) (reversing an order denying the defendant's petition for a writ of habeas corpus issued by the circuit court where the defendant was incarcerated and directing that the petition be transferred as a motion to correct an illegal sentence to the circuit court where the defendant was convicted); State v. Broom, 523 So. 2d 639, 641 (Fla. 2d DCA 1988) ("[H]abeas may not be used to collaterally attack the conviction . . . .  Rule 3 has completely superseded habeas corpus as the means of collateral attack of a judgment and sentence in Florida.").  Accordingly, we affirm the order below in all respects.

Affirmed.

KELLY and LaROSE, JJ., Concur.