# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D20-2432

———————————————

GONNIE GRINER,

    Appellant,

    v.

MARK S. INCH, Secretary,
Florida Department of
Corrections,

    Appellee.

———————————————

On appeal from the Circuit Court for Union County.
Denise Rae Ferrero, Judge.

September 29, 2021

PER CURIAM.

AFFIRMED. *See* Fla. R. of Crim. P. 3.850(a)(2)–(3) (providing that a defendant alleging that a trial court lacked jurisdiction to enter the judgment or impose sentence may raise the claim by postconviction motion); *Baker v. State*, 878 So. 2d 1236, 1242 (Fla. 2004) (explaining that "[t]he remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to rule 3.850"); *Zuluaga v Dep't of Corr.*, 32 So. 3d 674, 677 (Fla. 1st DCA 2010) (explaining that a circuit court lacks jurisdiction to review the legality of a conviction entered in another judicial circuit).

This appeal is frivolous. Appellant has filed four other cases in this Court, following his 1994 and 1997 convictions entered in Martin County. Appellant is warned that any future filings that this Court determines to be frivolous or malicious may result in the imposition of sanctions, including a prohibition against any further pro se filings in this Court and a referral to the appropriate institution for disciplinary procedures. *See* § 944.279(1), Fla. Stat. (2020) (providing that "[a] prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections").

ROWE, C.J., and LEWIS and WINOKUR, JJ., concur.

—————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————

Gonnie Griner, pro se, Appellant.

David M. Mabry, Senior Attorney, and Daniel Burke, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellee.

2