# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-0111
_____

ANGEL M. COLON,

   Appellant,

   v.

J. SUMMERS, Warden Liberty
C.I.,

   Appellee.

_____


On appeal from the Circuit Court for Liberty County.
David M. Frank, Judge.

August 13, 2025


PER CURIAM.

   Angel Colon appeals an order dismissing his amended petition for writ of habeas corpus with prejudice.  Colon is in the custody of the Florida Department of Corrections, serving a sentence entered by the circuit court in the Ninth Judicial Circuit, in and for Orange County.  *See Colon v. State*, 705 So. 2d 912 (Fla. 5th DCA 1998) (affirming judgment and sentence in an unelaborated opinion).  He is currently housed in Liberty County, Florida, located in the Second Judicial Circuit.

   The circuit court correctly found that Colon's petition for writ of habeas corpus, and his amended petition, constituted improper collateral attacks on his judgment and sentence.  In his petitions,

Colon asserted several reasons why the judgment of the circuit court in Orange County was invalid.

It is well settled that rule 3.850, Florida Rules of Criminal Procedure, "completely superseded habeas corpus as the means of collateral attack of a judgment and sentence in Florida." *Patterson v. State*, 664 So. 2d 31, 32 (Fla. 4th DCA 1995) (citation omitted). "[W]ith limited exceptions, habeas corpus relief is not available to obtain collateral postconviction relief because most claims can be raised by motion pursuant to Florida Rule of Criminal Procedure 3.850." *Baker v. State*, 878 So. 2d 1236, 1242 (Fla. 2004) (footnote omitted); *Zuluaga v. State, Dep't of Corrs.*, 32 So. 3d 674, 676 (Fla. 1st DCA 2010). Circuit courts have "no jurisdiction to review the legality of a conviction in another circuit." *Zuluaga*, 32 So. 3d at 676 (quoting *State v. Broom*, 523 So. 2d 639, 641 (Fla. 2d DCA 1988)). Furthermore, "habeas may not be used to collaterally attack the conviction, even in the same county where petitioner was tried." *Broom*, 523 So. 2d at 641.

Dismissal, rather than transfer of the petitions to the sentencing court for treatment as a motion under rule 3.850 was proper in this case. Colon's collateral challenges to his judgment and sentence are barred by rule 3.850 and applicable case law. *See Zuluaga*, 32 So. 3d at 677 (discussing when dismissal of a habeas petition, rather than transfer, is appropriate).

Since Colon fails to demonstrate any error in the circuit court's order dismissing his habeas corpus action with prejudice, the order on appeal is affirmed.

AFFIRMED.

BILBREY, KELSEY, and NORDBY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

2

Angel M. Colon, pro se, Appellant.

James Uthmeier, Attorney General, and Anne C. Conley, Senior Assistant Attorney General, Tallahassee, for Appellee.